**Richard Eugene CHAMPION, Plaintiff,**

v.

**Dentist MURPHY, et al., Defendants.**

**No. CV 07–6989–JFW(E).**

United States District Court,
C.D. California.

Jan. 27, 2009.

Richard Eugene Champion, San Luis Obispo, CA, pro se.

Heidi T. Salerno, CAAG–Office of Attorney General of California, Los Angeles, CA, for Defendants.

## MEMORANDUM AND ORDER

JOHN F. WALTER, District Judge.

### PROCEEDINGS

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action on November 28, 2007, against the Director of the California Department of Rehabilitation and Corrections, the Warden at the California Men's Colony, and a prison dentist. On December 12, 2007, the Court issued an Order dismissing the Complaint with leave to amend. On January 8, 2008, Plaintiff filed an unverified First Amended Complaint against California Men's Colony dentist Dr. Murphy, sued in his individual capacity only.[1] Plaintiff alleges that Defendant Murphy provided Plaintiff inadequate dental care in violation of the Eighth Amendment, retaliated against Plaintiff for filing grievances, and subjected Plaintiff to race discrimination in violation of the Equal Protection Clause. Plaintiff appended to the First Amended Complaint a request for appointment of counsel.

On August 29, 2008, Defendant filed a Motion for Summary Judgment. Plaintiff filed an Opposition to the Motion on October 27, 2008. In the August 29, 2008 Motion for Summary Judgment, Defendant contended that the undisputed facts showed Defendant was entitled to judgment as a matter of law on all of Plaintiff's claims. However, Defendant's Motion addressed only Plaintiff's deliberate indifference and race discrimination claims, and did not address Plaintiff's retaliation claim. Therefore, on October 31, 2008, the Court issued an Order denying Defendant's Motion for Summary Judgment without prejudice and extending the deadline for filing a motion for summary judgment to thirty days from the date of the Order. By Minute Order dated November 19, 2008, the Court extended this deadline to December 17, 2008.

On December 17, 2008, Defendant filed another Motion for Summary Judgment. On December 18, 2008, the Court issued a Minute Order advising the Plaintiff of the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc), *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2392, 144 L.Ed.2d 793 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). On December 24, 2008, Plaintiff filed an Opposition to the Motion. Also on December 24, 2008, Plaintiff filed a document entitled "Plaintiff, Moves for Summary Judgment," a document Plaintiff signed on December 19, 2008.

### SUMMARY OF ALLEGATIONS OF FIRST AMENDED COMPLAINT

Plaintiff alleges that, on August 28, 2006, Defendant examined Plaintiff's teeth, took x-rays, and pulled four teeth (First Amended Complaint, p. 5). Plaintiff alleges Defendant should have known there would be problems (*id.*). Plaintiff alleges Defendant drilled a hole in Plaintiff's denture and destroyed it (*id.*). Plaintiff allegedly submitted two prison grievances, or "602's" (*id.*). Plaintiff alleges that the grievances and asserted intervention by the Prison Law Office and the Attorney General upset Defendant, causing Defendant to retaliate by refusing to see Plaintiff (*id.*). Plaintiff alleges that his gums are swollen and sore, and that he cannot chew solid food (*id.*).

Plaintiff alleges Defendant violated Plaintiff's Due Process and Eighth Amendment rights, and retaliated against Plain-

---

1. Therefore, the Court deems Plaintiff to have abandoned his claims against the other Defendants. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1989) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

tiff in violation of the First Amendment (*id.*). Plaintiff also alleges that Defendant discriminated against Plaintiff on the basis of race in violation of Equal Protection (*id.*, pp. 5, 6). Plaintiff seeks an order: (1) requiring Plaintiff to be fitted with new dentures; and (2) requiring Plaintiff to be permitted to have the services of a different dentist (*id.*, p. 6). Plaintiff also seeks five million dollars in damages (*id.*).

Documents attached to the First Amended Complaint help to clarify Plaintiff's allegations. On October 9, 2006, Plaintiff wrote a grievance complaining that Defendant allegedly had pulled four teeth and told Plaintiff that Plaintiff would receive an upper plate in ninety days (First Amended Complaint, Ex. A). Plaintiff complained that his gums were sore and that he could eat only soup (*id.*). On January 22, 2007, Plaintiff wrote a grievance complaining that Defendant had provided Plaintiff with an upper denture that allegedly did not fit, and that Plaintiff had tried unsuccessfully to see Defendant four times (First Amended Complaint, Ex. B). Plaintiff alleged that Defendant was retaliating against Plaintiff for filing the earlier grievance (*id.*).[2]

## STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of offering proof of the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("*Celotex*"). Once

the moving party's burden is met, the party opposing the motion is required to go beyond the pleadings and, by the party's own affidavits or by other evidence, "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir.2006). The party opposing the motion must submit evidence sufficient to establish the elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

The Court must "view the facts in the light most favorable to the non-moving party and draw reasonable inferences in favor of that party." *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007). Where different ultimate inferences reasonably can be drawn, summary judgment is inappropriate. *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d at 988.

A factual dispute is "genuine" only if there is a sufficient evidentiary basis upon which a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is "material" only if it might affect the outcome of the lawsuit under governing law. *Id.* at 248, 106 S.Ct. 2505.

## DISCUSSION

I. *Plaintiff's Motion for Summary Judgment Is Denied Without Prejudice.*

■ In Plaintiff's two-page, verified Motion for Summary Judgment, Plaintiff alleges that Defendant "did not answer the u.s. court question on the reprisals, or

---

**2.** Both of these grievances were denied at the Director's Level of review (First Amended

Complaint, Exs. 1, 2).

retaliation," and that Defendant's conduct is "unappropriated [sic]." Plaintiff signed the Motion on December 19, 2008, subsequent to the Court-ordered deadline for the filing of summary judgment motions. *See* "Order Denying Motion for Summary Judgment," filed October 31, 2008; Minute Order, dated November 19, 2008. Plaintiff's Motion is denied without prejudice as untimely.[3]

## II. Defendant Is Entitled to Summary Adjudication on Plaintiff's Claims of Deliberate Indifference and Race Discrimination

### A. Governing Legal Standards

Prison officials can violate a prisoner's Eighth Amendment right to be free of cruel and unusual punishment if the officials are deliberately indifferent to the prisoner's serious medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d at 1059.

To demonstrate deliberate indifference, a plaintiff must show that a prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. at 837, 114 S.Ct. 1970. The official must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and must have also drawn the inference. *Id.* Thus, inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation. *Estelle v. Gamble,* 429 U.S. at 105–06, 97 S.Ct. 285; *McGuckin v. Smith,* 974 F.2d at 1060; *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990); *Hunt v. Dental Dept.,* 865 F.2d 198, 201 (9th Cir.1989).

### B. Parties' Contentions

Defendant contends the undisputed facts show that Defendant did not act with deliberate indifference to Plaintiff's dental needs. Defendant also contends Plaintiff lacks evidence to support his claim of race discrimination. Despite the Court's Order of October 31, 2008 denying Defendant's previous summary judgment motion because the previous motion did not address Plaintiff's retaliation claim, the present Motion, without explanation, again fails to address the retaliation claim. Nevertheless, the Court deems it appropriate, at this late juncture, to determine whether summary adjudication of the deliberate indifference claim and summary adjudication of the race discrimination claim would be proper. *See* Fed.R.Civ.P. 56(d); *see also* Fed.R.Civ.P. 1.

In opposition to the present Motion, Plaintiff has submitted a two-page verified Opposition, but no other evidence. In the Opposition, Plaintiff claims to have witnesses who have executed "declaration[s] and Affidavits" stating that Defendant lied to patients and calling into question Defendant's "character and professionalism" (Opposition, p. 1). However, Plaintiff has not submitted any declarations or affidavits in opposition to the present Motion.[4]

---

**3.** As discussed *infra,* however, Plaintiff will have another opportunity to file a motion for summary judgment on the retaliation claim.

**4.** Plaintiff also claims that one of Plaintiff's alleged witnesses has filed a state court lawsuit against Defendant (*id.*).

Plaintiff also expresses disbelief in the statement of Defendant's counsel, made at Plaintiff's deposition, that Defendant no longer works for the California Department of Corrections and Rehabilitation (*id.*). Plaintiff generally alleges that Defendant abused his authority, and adds that Plaintiff has "no doubt" that Defendant has engaged in wrongdoing such as discriminating against Plaintiff, falsifying documents, and committing perjury (*id.*).

## C. *Deliberate Indifference Claim*

■ Defendant has submitted a declaration, in which Defendant asserts the following:

On May 8, 2006, Plaintiff saw Defendant for dental care and received a complete exam and x-rays (Declaration of Defendant Dr. Murphy in Support of Defendant's Motion for Summary Judgment ["Murphy Dec."], ¶ 2). Defendant diagnosed periodontal disease, and Plaintiff was scheduled for the first available appointment to get his teeth cleaned (*id.*).

On August 28, 2006, Plaintiff's teeth were cleaned in the clinic (*id.*, ¶ 3). Defendant thereafter extracted Plaintiff's four top front teeth due to severe periodontal disease (*id.*). After the extractions, Plaintiff was required to eat soft food while the gums healed and the swelling decreased (*id.*). Impressions could only be made after such time (*id.*).

Plaintiff was scheduled for impressions for a maxillary (upper) denture on October 3, 2006, but the appointment was rescheduled because Plaintiff had a conflicting medical appointment (*id.*, ¶ 4). On October 17, 2006, impressions were taken for the maxillary denture (*id.*).

On November 9, 2006, a "shade" and a "wax bite" were taken in order to choose the color of the dentures and to show how the denture models would fit (*id.*, ¶ 5). Defendant explained to Plaintiff that Plaintiff's tooth number 31, a back lower molar,

was super erupted, i.e., the molar protruded from bottom to top, and that the tooth would have to be removed in order for the denture to fit properly (*id.*). Plaintiff rejected this treatment option (*id.*). In light of Plaintiff's refusal to authorize extraction of tooth number 31, Defendant made every effort to fabricate a "rather unconventional" denture to accommodate Plaintiff's wish to keep tooth number 31, but ultimately it was impossible to do so (*id.*).

On December 11, 2006, Plaintiff's maxillary denture "wax up" was "tried in" (*id.*, ¶ 6). Defendant placed a maxillary denture set in wax in Plaintiff's mouth and quickly realized that Defendant's best efforts "were not going to work" (*id.*). Plaintiff continued to refuse to allow tooth number 31 to be extracted (*id.*). Defendant told Plaintiff the only hope would be to drill a hole into the denture above tooth number 31 in order to accommodate that tooth (*id.*).

On January 11, 2007, Plaintiff's maxillary denture was delivered to Plaintiff (*id.*, ¶ 7). Defendant saw Plaintiff on January 24, 2007 for a "post-delivery check" on the denture (*id.*). The denture was very loose and Plaintiff complained of sore spots (*id.*). A soft reline material was placed in the denture to help improve the fit and eliminate sore spots (*id.*). Plaintiff was asked to wear the denture for 24 hours, which is customary in order to get a proper fit from the soft reline (*id.*).

After 24 hours, the denture was retrieved from Plaintiff to be sent to the lab so that the soft reline could be converted into a permanent acrylic reline (*id.*). Plaintiff complained that the denture did not fit even with the soft reline, said he did not want the denture, and demanded that a new one be made (*id.*). Defendant told Plaintiff that a new denture could be made if tooth number 31 were extracted so that the new denture would have a better

chance of succeeding (*id.*). Plaintiff rejected this option, signed a document refusing the denture and a trust reversal, and Plaintiff's money was returned for the denture (*id.*).

Defendant had a dental appointment scheduled with Plaintiff on October 4, 2007, but Plaintiff rescheduled due to a conflicting medical appointment (*id.*, ¶ 8). On October 12, 2007 and November 16, 2007, Plaintiff refused triage dental appointments because Plaintiff did not want to see Defendant (*id.*). As of the date of Defendant's declaration, December 16, 2008, Plaintiff has rejected the dental treatment plan and options presented to Plaintiff (*id.*, ¶ 9).

Defendant also has submitted the declaration of Dr. Joel Reims, a dentist licensed to practice in the State of California since 1965 and a member of the American Dental Association, the California Dental Association and the Los Angeles Dental Association since 1965. Dr. Reims states that he has reviewed Plaintiff's dental records and that the dental care and treatment Defendant provided to Plaintiff "was well within the standard of care in California" (Declaration of Dr. Joel Reims in Support of Defendant's Motion for Summary Judgment, ¶¶ 2, 7). In particular, Dr. Reims states that the "over erupted" tooth to which Defendant refers in Defendant's Declaration is "a hopeless tooth with severe periodontal disease, extensive bone loss and [is] probably surrounded by infection," and that the tooth "needs to be extracted" in order to fabricate a properly fitting denture for Plaintiff (*id.*, ¶¶ 4, 7).

Defendant also has submitted the Declaration of Dr. Jeri Shepherd, Chief Dental Officer at the California Men's Colony, who assertedly reviewed Plaintiff's dental records, and who opines that the dental care and treatment Defendant provided to Plaintiff was "well within the standard of care applicable to dentists and was medically appropriate" (Declaration of Dr. Jeri Shepherd in Support of Defendant's Motion for Summary Judgment, ¶¶ 1, 7).

In opposition to the present Motion, Plaintiff has submitted no evidence to controvert Defendant's evidence. The statements in Plaintiff's Opposition that Plaintiff has witnesses who assertedly state that Defendant is a liar and unprofessional are insufficient to controvert Defendant's evidence. Plaintiff's conclusory allegations that Defendant abused his authority, and that Plaintiff has "no doubt" Defendant committed wrongdoing also are insufficient to raise a triable issue of fact as to Defendant's alleged deliberate indifference. *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir.1989) (conclusory allegations unsupported by statements of fact are insufficient to defeat summary judgment); *Thornhill Pub. Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979) (same).

The uncontroverted evidence shows that Defendant acted within the standard of professional competence providing dental care to Plaintiff, including Defendant's extraction of Plaintiff's teeth, attempt to fashion a properly-fitting denture, and recommendation that tooth number 31 be pulled. At best, the evidence shows only that Plaintiff disagreed with the treatment and treatment options provided to Plaintiff. Any such disagreement is insufficient to show a constitutional violation. *See Brownlee v. Stocker*, 259 Fed.Appx 12, 13 (9th Cir.2007); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.1981) ("A difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a § 1983 claim.").

For the foregoing reasons, Defendant is entitled to summary adjudication on Plaintiff's deliberate indifference claim.

## D. *Equal Protection Claim*

To demonstrate an equal protection violation, Plaintiff must show that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Federal Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 471 (9th Cir.1991) ("The plaintiff in a § 1983 claim alleging a violation of equal protection must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional.") (citations omitted).

According to Defendant's declaration, Plaintiff's race did not affect any of Defendant's actions, treatment or treatment plans concerning Plaintiff's dental care (Murphy Dec., ¶ 11). Defendant also relies on excerpts from Plaintiff's deposition. In his deposition, Plaintiff testified that he believed Defendant discriminated against Plaintiff on account of Plaintiff's race (Declaration of Heidi T. Salerno in Support of Defendant's Motion for Summary Judgment, Ex. A, internal page 27). Asked what Defendant had done to make Plaintiff believe that Defendant's dental work was based on the fact that Plaintiff was black, Plaintiff replied: "Everything I asked him, he refused. Just like when he started wanting to pull my teeth, he didn't even have to pull them." (*id.*). Plaintiff testified that "there was no other reason why would he even say it if it wasn't true" (*id.*). Plaintiff also testified Defendant gave "little smirks" (*id.*). Plaintiff said that Plaintiff had the Prison Law Office talk to Defendant, and that Plaintiff filed three "602's" on Defendant (*id.,* internal pages 27–28). Asked what Defendant said specifically that had to do with Plaintiff's race, Plaintiff replied: "You know he ain't just going to come out and say it. I seen it in him." (*id.,* internal page 28). Plaintiff said he

saw Defendant's "smugness" and "smirk with his mouth" (*id.*).

In opposition to the Motion, Plaintiff failed to submit any evidence to controvert Defendant's evidence that Defendant did not discriminate against Plaintiff on the basis of race. There is no evidence that Defendant treated patients of other races differently from Plaintiff. Plaintiff's speculation that Defendant's allegedly improper dental care or Defendant's alleged "smirks" and "smugness" were the product of discriminatory intent does not suffice to raise a triable issue of fact on the issue of discriminatory intent. *See Nelson v. Pima Community College,* 83 F.3d 1075, 1081–82 (9th Cir.1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment") (citation omitted); *Clark v. West Contra Costa Unif. Sch. Dist.,* 2000 WL 336382, at *4 (N.D.Cal. Mar. 15, 2000) (evidence consisting of plaintiff's deposition testimony asking "what other reason" than race discrimination defendant could have had for taking action allegedly adverse to plaintiff held insufficient to withstand summary judgment). Therefore, Defendant is entitled to summary adjudication on Plaintiff's Equal Protection claim.

### ORDER

Plaintiff's Motion for Summary Judgment is denied without prejudice. Defendant's Motion for Summary Judgment is granted in part. Summary adjudication is granted in favor of Defendant on Plaintiff's deliberate indifference and race discrimination claims. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court finds that the following facts are not genuinely at issue:

(a) Defendant did not act with deliberate indifference to Plaintiff's dental needs in providing dental treatment and care for

Plaintiff during the time period alleged in the First Amended Complaint; and

(b) Defendant did not discriminate against Plaintiff on account of race in violation of the Equal Protection Clause as alleged in the First Amended Complaint.

Defendant's Motion for Summary Judgment otherwise is denied. The Court expresses no view on the merits of Plaintiff's retaliation claim, a claim that Defendant's Motion again fails to address.

**Within thirty (30) days of the date of this Order, the parties shall file motions for summary judgment on the retaliation claim.**

Plaintiff's request for appointment of counsel is denied without prejudice. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).